UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIGUEL J. AUGUSTIN,

                    Plaintiff,

                                                    Case No. 21-cv-1119-pp

         v.

MEIJER DISTRIBUTION CENTER,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ORDERING PLAINTIFF
TO FILE AMENDED COMPLAINT ALONG WITH COPY OF HIS COMPLAINT
TO EEOC OR WISCONSIN EQUAL RIGHTS DIVISION**

The plaintiff, representing himself, filed a complaint on September 27, 2021, alleging that his manager fired him without warning and that the manager was "after" the plaintiff "for his personel hit." Dkt. No. 1. He alleged that the reason for his firing—being on his mobile phone—was a pretext, because everyone else was on their mobile phones. Id. at 3. On page 3 of the form complaint, under the "Jurisdiction" section, the plaintiff marked the box indicating that he was suing under state law, and that his citizenship and the citizenship of the defendant were different. Id. Along with the complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

**I.       Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court

1

first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's request to proceed without prepaying the filing fee indicates that the plaintiff is not employed or married and that he has two children he is responsible for supporting. Dkt. No. 2 at 1. The children are aged seven and eleven, but the plaintiff did not list the amount he provided for support each month. Id.

The plaintiff listed no income but provided the defendant's name and address in the field asking him to "[p]rovide the name and address of your employer(s)." Id. at 2. The plaintiff indicated that he had had no other sources of income in the previous twelve months. Id. The plaintiff indicated that he paid $925 in rent each month and had roughly $600 per month in other household expenses. Id. He says he does not have car, alimony or credit card payments. Id. The plaintiff stated that he had other monthly expenses not already listed. Id. at 3. Under those expenses, he listed "Stacy Augustin" and "Sowaya Augustin" and indicated that he paid $1,000 per month for each of them.[1] Id. He indicated that his total monthly expenses were "unknown." Id.

For assets, the plaintiff listed two vehicles. One is a 2005 BMW x330 XI which he estimated had a current value of $5,000. Id. at 3. He had a second vehicle worth approximately $4,500 but did not identify the make and model

---

[1] These are not the names of the two children the plaintiff mentioned earlier in the request.

2

and listed the year as "200." Id. The plaintiff indicated that he did not own a home, had no other property of value and had no savings, checking or other accounts. Id. at 3-4. The plaintiff wrote, "The COVID + a unfair Terminated, Desition from my only incom. . . . cause of That I Lose famalies and homeless for a week." Id. at 4.

It looks like the plaintiff has roughly $3,525 in monthly expenses, $0 in income and $9,500 in assets. The court concludes that he is not able to prepay the filing fee and will grant his motion to proceed without doing so.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees.").

## II.    Screening

In cases where the plaintiff asks to proceed without prepaying the filing fee, the court is required to dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that

3

he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of [his] complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court can't tell what claim the plaintiff wants to bring against the defendant. The plaintiff stated that his manager fired him without warning. Dkt. No. 1 at 2. He said that the manager "violated [his] Rights To fire [him] unfaifull," and that this happened around March 2020 while he was at work. Id. The plaintiff wrote, "I Believe he was after me for his Personel hit." Id. Under "RELIEF WANTED," the plaintiff wrote:

> I want the court to ask Meijer about my worked Record & How come the Pretant I was using my mobile Phone where everyone using mobile Phone. Even the night The fired my for being on the Phone all my co-workers & the Guy whoo call me for Mr. Joe, was on the Phone that night. I want the court the ask Mr. Drake from EEOC. Why he wait until I called him to known my case been Deniel since – 3/14. after I called him to knowon, end what him mine by not enough evidence?

Id. at 3.

It appears that the plaintiff believes that he was terminated—fired—from his job unfairly. It also appears that he was told he was fired for using his cell phone, but he thinks that was not true because others were using their cell phones and were not fired. Title VII of the Civil Rights Act of 1964 says that "an employer may not discriminate based on 'race, color, religion, sex, or national

4

origin.'" <u>Abrego v. Wilkie</u>, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting 42 U.S.C. §2000e-2(a)). Title 42 U.S.C. §1981 "guarantees equal rights to all citizens regardless of race and in the context of employment provides that all people have the 'same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.' 41 U.S.C. § 1981(a)." <u>Morris v. BNSF Railway Co.</u>, 969 F.3d 752 (7th Cir. 2020). "[B]oth statutes 'have the same liability standards.'" <u>Id.</u> (quoting <u>Walker v. Abbott Labs.</u>, 340 F.3d 471, 474 (7th Cir. 2003)); <u>see also</u> <u>Yancick v. Hanna Steel Corp.</u>, 653 F.3d 532, 544 (7th Cir. 2011). Perhaps the plaintiff believes that the defendant discriminated against him based on race, color, religion, sex or national origin, but he does not identify his race, color, religion, or national origin, and he does not say that he believes he was fired due to his sex.

The Age Discrimination in Employment Act, 29 U.S.C §621, prohibits employers from discriminating against employees over the age of forty based on the employee's age. But the plaintiff does not tell the court how old he is, or allege that he believes he was fired due to his age.

Perhaps the plaintiff believes that he was fired in retaliation for something he said. To make out a *prima facie* case of retaliation under Title VII, a plaintiff 'must establish that: '1) []he engaged in statutorily-protected expression; 2) []he suffered an adverse action by [his] employer; and, 3) there is a casual link between the protected expression and the adverse action.'" <u>O'Donnell v. Caine Weiner Co., LLC</u>, 935 F.3d 549, 553 (7th Cir. 2019) (quoting <u>Dunning v. Simmons Airlines, Inc.</u>, 62 F.3d 863, 868-69 (7th Cir. 1995))

(quotation omitted). The plaintiff's complaint says that he was using his phone "that night" and that at some point he had called Mr. Drake, who the court presumes is an employee of the EEOC. Dkt. No. 1 at 3. It looks as though the plaintiff may have filed a complaint with the EEOC that was denied, possibly for lack of evidence, although the plaintiff did not attach to his complaint a copy of whatever he filed with the EEOC. Id. Given the plaintiff's allegation that he was fired sometime in March 2020, id. at 2, he may be alleging that he filed his EEOC complaint before he was fired. If the plaintiff is alleging that he was fired *because* of his complaint with the EEOC, he may have a claim for retaliation.

Without more information, the court cannot decide whether the plaintiff has alleged a claim for which a federal court may grant relief. The court will order the plaintiff to file an amended complaint. Along with this order, the court will send the plaintiff a blank copy of an amended complaint form. In his amended complaint, the plaintiff should write the case number for this case—21-cv-1119—in the space provided. He should include all the information he put in his original complaint, but he also should tell the court whether he believes he was fired because of his race, color, national origin, religion, sex or age, or whether he believes he was fired in retaliation for something he said or something he filed with the EEOC. If the plaintiff is suing for any of these reasons, he should check the box on page 3 stating, "I am suing for a violation of federal law under 28 U.S.C. §1331." The plaintiff should include a more detailed description of what happened to him—who told him he was fired?

When did they tell him this? Did they tell him why they were firing him? What did they say? How did they fire him? Why does the plaintiff believe that he was fired for some other reason?

"A plaintiff must file a charge of discrimination with an appropriate agency before [he] can file a lawsuit invoking the protections of Title VII." Majors v. GE, 714 F.3d 527, 536 (7th Cir. 2013) (citing 42 U.S.C. §2000e-5(e)(1); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir. 2009)). If the plaintiff did file an EEOC complaint, or a complaint with the Wisconsin Equal Rights Commission, and his complaint was denied or dismissed, he should have received a notice of right to sue from the EEOC or Wisconsin Equal Rights Division. He should attach a copy of that notice to the amended complaint. If the plaintiff did not file a complaint with the EEOC or the Wisconsin Equal Rights Division before he filed this federal lawsuit, he may not be able to proceed in federal court. So it is important that, if he has a notice of right to sue letter from either the EEOC or the Wisconsin Equal Rights Division, he provide the court with a copy of that letter along with his amended complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff must pay the $350 filing fee over time as he is able.

The court **ORDERS** that by the end of the day on **June 24, 2022**, the plaintiff must file an amended complaint that includes the additional

information the court discussed above. This means that the plaintiff must file his amended complaint in time for the court to *receive* it by the end of the day on June 24, 2022. If the plaintiff needs more time to file his amended complaint he may, *before* the **June 24, 2022** deadline, write a letter to the court asking for an extension of time. If the court does not receive either the amended complaint or a written request for more time to do so by the end of the day on June 24, 2022, the court will dismiss this case for failure to state a claim.

The court **ORDERS** that along with his amended complaint, the plaintiff must file a copy of any "notice of right to sue" letter he received from the EEOC or the Wisconsin Equal Rights Division.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**