UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIGUEL J. AUGUSTIN,

        Plaintiff,

  v.                              Case No. 21-cv-1119-pp

MEIJER DISTRIBUTION CENTER,

        Defendants.

---

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On September 27, 2021, the plaintiff—representing himself—filed a complaint alleging that his manager fired him without warning and that the manager was "after" the plaintiff "for his [the manager's] personel hit." Dkt. No. 1 at 2. In the section of the complaint where he asked for relief, the plaintiff stated that he wanted the court to ask his employer about his work record, to ask "how come the pretant [sic] I was using my mobile phone where everyone using mobile phone." Id. at 3. He said that even the night he was fired for being on the phone all his co-workers and the guy who had called him were on the phone. Id. He wanted the court to ask "Mr. Drake from the EEOC. Why he wait until I called him to known my case been deniel since - 3/m. after I called him to knowon, and what him mine by not enough evidence?" Id.

On May 20, 2022, the court issued an order screening the complaint and concluded that it failed to state a claim for which a federal court could grant relief. Dkt. No. 3. The court gave the plaintiff a deadline of June 24, 2022 by

1

which to file an amended complaint, as well as to provide the court with a copy of a notice of right to sue from either the EEOC or Wisconsin Equal Rights Division. Id. at 3-4. The court advised the plaintiff that if it did not receive an amended complaint by the end of the day on June 24, 2022, it would dismiss the case. Id. at 4. It mailed the order to the plaintiff at the address he had given the court in his complaint. The order has not been returned to the court as undeliverable and the court has not received a change-of-address notice from the plaintiff, so it has no reason to believe the plaintiff did not receive the May 20, 2022 order.

The June 24, 2022 deadline has passed and the court has not received an amended complaint or a notice of right to sue. As it said it would do in the May 20, 2022 order, the court will dismiss the plaintiff's case.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim for which a federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

2

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of June, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**